JUSTICE COTTER
dissents.
¶38 I dissent. There was more than enough in the record to establish that Novak’s counsel denied him effective assistance at trial, and that the District Court abused its discretion in denying his motion for a mistrial. I would reverse Novak’s conviction and remand for a new trial.
¶39 The improper preliminary instruction to the jury (see ¶ 9) set the table for a trial replete with the admission of inadmissible and prejudicial evidence against Novak. As the Court points out in ¶ 8 of its Opinion, the State originally charged Novak with one count of felony sexual assault, one count of felony sexual intercourse without consent, one count of misdemeanor partner or family member assault, and one count of felony theft. The sexual assault and the sexual intercourse without consent charges were premised upon Elizabeth’s inability to consent when she was under the age of sixteen. Once the District Court dismissed the other two counts, these were the sole charges against Novak. At the risk of overstating the obvious, in order to secure a conviction, the State had to prove that Novak had sexual relations with the victim before she turned sixteen, which occurred on June 4, 1995. However, the District Court in its preliminary instruction told the jury-without objection from Novak’s attorneys-that it could take into account matters occurring between Novak and the victim from May 1994, until May 2000. Clearly, evidence of the ongoing relationship between the two after her sixteenth birthday was wholly irrelevant to the crimes charged. Nonetheless, defense counsel failed to request a curative instruction. Worse yet, defense counsel remained mostly silent as a mass of inadmissible evidence deemed relevant under the erroneous instruction was introduced at trial.
¶40 If I were to set forth verbatim all of the objectionable questions *320 asked of the victim and the State’s other witnesses, this Dissent would literally run over twenty pages in length. Among other things, the victim was asked about and testified regarding her sexual relationship with the Defendant from the time she was sixteen until she was nineteen. She testified to ostensible threats Novak made to coerce her into giving him title to her property after she was eighteen, and ostensible assaults committed by Novak upon her after she was eighteen. She described in graphic detail the nature of their sexual relationship during the same timeframe. The victim’s mother was allowed to carry on at length about how difficult it was for the family when her daughter moved out of the house at age eighteen. The victim’s high school guidance counselor and her physician were allowed to relate gross hearsay to the jury, while other witnesses were allowed to give extensive narratives about the impact that Novak’s relationship with the victim had on the entire family, during the several years following the victim’s sixteenth birthday. The breadth of the inadmissible testimony is, in short, astonishing.
¶41 While there was an occasional objection interposed, for the most part, defense counsel remained silent while this damaging and incompetent testimony was elicited from the State’s witnesses. In fact, on three occasions, the District Court expressed its concern about the fairness of the trial, noting at one point that it was considering the declaration of a mistrial sua sponte.
¶42 The Court suggests that tactical reasons may have justified certain of the decisions made by defense counsel. While perhaps one or two decisions not to object to inadmissible evidence could be explained as tactical, that justification utterly fails in the face of a transcript awash with inadmissible testimony. As we stated in State v. Jefferson, 2003 MT 90, ¶ 50, 315 Mont. 146, ¶ 50, 69 P.3d 641, ¶ 50, there are occasions upon which there is “no plausible justification” for what defense counsel did. See also State v. Kougl, ¶ 15. This is one of those situations. There is simply no tactical reason in the world for allowing waves of inadmissible and damning testimony to be introduced against one’s client. Therefore, in my judgment, it is completely unnecessary to defer the question of whether counsel was ineffective to postconviction review.
¶43 I would likewise conclude that the District Court abused its discretion in denying Novak’s motion for a mistrial. The comments made by the prosecutor in his rebuttal closing statement were completely unjustifiable. The jury was asked to hold the Defendant responsible for church sex abuse scandals, and for tearing apart a *321 family, neither of which had any bearing on the question of Novak’s guilt of the crimes charged. The State was allowed to characterize the victim as the Defendant’s daughter. This argument, on the heels of the overwhelming amount of inadmissible and irrelevant evidence heard by the jury, put the finishing touches on a trial transcript the likes of which I have never seen. If anything has ever left unsettled the question of the fundamental fairness of a trial or left open to question the integrity of the judicial process (see, State v. Bateman and ¶ 34), this case is it.
¶44 I therefore dissent from our refusal to reverse Novak’s conviction.